UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEROME TALLEY,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CLERKS OF THE DISTRICT COURT,<br><br>　　　　　　　Defendants. | Case No. 2:16-cv-02878-JAD-GWF<br><br>**ORDER** |

　　　　This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on December 13, 2016.

## BACKGROUND

　　　　Plaintiff alleges that the clerks of the Eighth Judicial District Court of Nevada violated Article IV, Section 2 of the United States Constitution, the Privileges and Immunities Clause, by depriving him access to the court. He asserts that the clerks of the district court located at 200 Lewis Avenue did not perform their ministerial duties by failing to file documents that Plaintiff submitted to the court. Plaintiff alleges that the clerks of the court informed him that they will not file documents until the judge makes a determination allowing them to be filed.

## DISCUSSION

**I.　　Application to Proceed *in Forma Pauperis***

　　　　Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**III.     Instant Complaint**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff's complaint alleges violation of the Privileges and Immunities Clause of the United States Constitution. Plaintiff seeks damages for the alleged violations to his constitutional rights.

Plaintiff's claim under the Privileges and Immunities Clause fails to state a claim upon which relief may be granted. The United States Supreme Court interpreted the Privileges and Immunities Clause in the *Slaughter-House Cases*. *See* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872). Plaintiff cannot receive relief based on the Privileges and Immunities Clause "unless the claim depends on the right to travel." *Williams v. Clark,* 2015 WL 6005141, at *12 (D. Nev. Oct. 14, 2015) (citing *Merrifield v. Lockyer,* 547 F.3d 978, 984 (9th Cir.2008). Plaintiff does not allege that his right to travel was violated and, therefore, has not stated a viable claim under the Privileges and Immunities Clause.

3

Further, court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.1979) (§ 1983 case), *cert. denied*, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir.1978) (same); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir.1969) (same). *Cf. Sharma v. Stevas*, 790 F.2d 1486 (9th Cir.1986) (Clerk of United States Supreme Court had absolute quasi-judicial immunity under Federal Tort Claims Act because his acts were an integral part of the judicial process). Plaintiff alleges that the clerks of the district court violated his constitutional right by refusing to file documents submitted by Plaintiff. The filing of documents by court clerks is a task that can be characterized as an integral part of the judicial process. Therefore, the clerks of the district court have absolute quasi-judicial immunity from Plaintiff's claim. As a result, the Court will recommend dismissal of Plaintiff's claims against the district court clerks for failure to state a claim upon which relief may be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's complaint against the clerks of the district court be **dismissed** with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

1   address and brief the objectionable issues waives the right to appeal the District Court's order
2   and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153,
3   1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
4       DATED this 25th day of May, 2018.

                                      _____
                                      GEORGE FOLEY, JR.
                                      United States Magistrate Judge